UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CLIFTON ROBINSON,

        Plaintiff,

v.                                              Case No. 19-C-1294

DAVE BROOKS,

        Defendant.

## SCREENING ORDER

Plaintiff, who is currently serving a state prison sentence at Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee (Dkt. No. 2) and his motion for leave to file a second amended complaint (Dkt. No. 8). This court will grant Plaintiff leave to file the amended complaint and will proceed to screen the second amended complaint. *See* Fed. R. Civ. P. 15(a)(1)(B) (allowing party to amend pleading with the court's leave "when justice so requires").

**MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

Plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial

partial filing fee of $9.42. Plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE COMPLAINT

On March 7, 2019, while working two different kitchen/food service jobs at Green Bay Correctional Institution (GBCI), Plaintiff began to suffer migraines and blurred vision and

2

requested a lay-in from Defendant. He informed Defendant that his work performance might be affected by his illness. Defendant denied the lay-in request, stating he also was experiencing migraines and was still at work. Following this interaction, Plaintiff informed Defendant that he would file a complaint against him with the Inmate Complaint Review System at GBCI. Soon after returning to work, between 8:15 A.M. and 8:35 A.M., Plaintiff fainted in the kitchen dishroom. Plaintiff woke up surrounded by medical staff and correctional officers and was taken to the Health Service Unit at GBCI. Plaintiff suffered back, neck, and head injuries and was prescribed a muscle relaxer and naproxen. He then filed a complaint with the GBCI Inmate Complaint Review System; the complaint was dismissed.

On about March 9, 2019, Plaintiff sent Defendant a request to ask why he had been scheduled for two jobs at the same time on March 7, 2019. Defendant informed Plaintiff it was a "mistake." On March 25, 2019, Defendant again scheduled Plaintiff for two jobs at the same time. Plaintiff believes that working both the servery and the dishroom put additional strain on his injury. After this shift, Plaintiff informed Defendant that he would be filing another internal complaint with GBCI, which was later dismissed.

On March 27, 2019, Defendant again scheduled Plaintiff to work even though the GBCI medical staff placed a "No Work Restriction" on Plaintiff. Plaintiff worked for one hour until Defendant told him he could return to his unit because of the restriction. Plaintiff informed Defendant that he would be filing another internal complaint with GBCI because Defendant was aware of the work restriction when he scheduled him to work.

On another occasion, Plaintiff was ordered to work by a different correctional officer, but was then sent back to his unit due to the work restriction. As Plaintiff walked upstairs to his unit,

he felt worsening back pain and fell down one flight of stairs. Health services administered muscle rub.

After his "No Work Restriction" expired, Plaintiff returned to work. He also informed Defendant that he would be filing another internal complaint with GBCI; this complaint was dismissed. On April 3, 2019, Defendant removed Plaintiff from his work assignment the same day Plaintiff received a conduct report, which disciplined Plaintiff for not attending work one hour and fifteen minutes early. Plaintiff appealed the conduct report and filed another internal complaint against Defendant. Both the complaint and the appeal were dismissed. In addition to the appeal of the conduct report, Plaintiff filed a total of four internal complaints with GBCI.

**THE COURT'S ANALYSIS**

Plaintiff alleges that Defendant was deliberately indifferent to his medical needs. The Eighth Amendment prohibits "cruel and unusual punishments" and imposes a duty on prison officials to take reasonable measures to guarantee an inmate's safety and to ensure that the inmate receives adequate medical care. *Farmer v. Brennan*, 511 U.S. 823, 832 (1994). Prison officials violate the Constitution if they are deliberately indifferent to a prisoner's serious medical needs. *Id.* (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). The medical condition must be objectively and subjectively serious. *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). "A medical need is considered sufficiently serious if the inmate's condition 'has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would perceive the need for a doctor's attention.'" *Id.* (citing *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)). Notably, "[a] medical condition need not be life-threatening to be serious; rather, it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not

4

treated." *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir.2010). To satisfy the subjective element, a plaintiff must show that the defendant acted culpably, a standard that is higher than negligence or inadvertence. *Id.* However, "[i]t is enough to show that the defendants knew of a substantial risk of harm to the inmate and disregarded the risk." *Id.* (citing *Greeno*, 414 F.3d at 653).

Plaintiff's allegations support a claim that Correctional Officer Brooks at most misjudged the seriousness of Plaintiff's medical condition when he denied his request for a lay-in, which I take to mean permission to go lie down, in response to his claim that he was experiencing a migraine headache. Since Plaintiff did not ask for medical attention, but only to be excused from his work assignment, there is no reason to believe that CO Brooks believed Plaintiff has a serious medical need. Most people are able to work with minor aches and pains. By Plaintiff's own account, when he later fainted, he did receive medical care.

The fact that Brooks scheduled Plaintiff for two different jobs at the same time appears to be no more than what Brooks said it was: a mistake. Plaintiff suffered no harm before the mistake was corrected. Likewise, the fact that Plaintiff was scheduled for work when he had a "no work" restriction, appears another simple mistake. Once informed of the error, Brooks told Plaintiff to go back to his cell. Plaintiff alleges that CO Johnson nevertheless directed him to work until breakfast, but there is no allegation that CO Brooks was aware of Johnson's order. Thus, he cannot be held responsible for the fact that Plaintiff may have worked a short time even though he had a medical excuse to remain in his cell.

Finally, the allegation that CO Brooks retaliated against Plaintiff by removing him from a work assignment because Plaintiff refused to attend work an hour and fifteen minutes early likewise does not amount to a constitutional violation. Indeed, none of Plaintiff's allegations, considered

5

individually or altogether amount to a violation of Plaintiff's constitutional rights. Other peoples' mistakes and/or minor instances of unkindness, such as those alleged in the complaint, may be frustrating, but they do not amount to constitutional violations.

Plaintiff's claims will therefore be dismissed. He has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to file an amended complaint (Dkt. No. 8) is **GRANTED**.

**IT IS FURTHERED ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the case is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **for failure to state a claim**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $340.58 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If

Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

Dated at Green Bay, Wisconsin this   17th   day of October, 2019.

> s/ William C. Griesbach
> William C. Griesbach, Chief Judge
> United States District Court

This order and the judgment to follow are final.  Plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment.  *See* Fed. R. App. P. 3, 4.  This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline.  *See* Fed. R. App. P. 4(a)(5)(A).  If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome.  If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court.  *See* Fed. R. App. P. 24(a)(1).  Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious.  *See* 28 U.S.C. § 1915(g).  If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury.  *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b).  Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment.  Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment.  The court cannot extend these deadlines.  *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.